UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/6/2025
```

KOURIOCKEIN VANN,

                                Plaintiff,

                -against-

DR. JANICE WOLFE-FRIEDMAN, DR.
MIKAIL GUSMAN, AND DR. YELENA
KOROBKOVA

                                Defendants.

23-cv-0236 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Kouriockein Vann ("Plaintiff") initiated this action on January 10, 2023, alleging deprivation of rights under 42 U.S.C. § 1983 ("Section 1983"), claiming violations of the 1st Amendment, 8th Amendment, and 14th Amendment, as well as bringing forth claims of fraud, conspiracy to violate Plaintiff's constitutional rights, and failure to intervene against Defendant Dr. Janice Wolfe-Friedman ("Wolfe-Friedman"), Defendant Dr. Mikail Gusman ("Gusman") and Defendant Dr. Yelena Korobkova ("Korobkova") (all together, the "Defendants").

Presently before the Court is Defendants Wolfe-Friedman, Gusman and Korobkova's Motion to Dismiss *pro se* Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(6). For the following reasons, Wolfe-Friedman, Gusman and Korobkova's Motion to Dismiss is GRANTED.

## BACKGROUND

The following facts are derived from the First Amended Complaint ("Am. Compl.") and are taken as true and constructed in the light most favorable to the Plaintiff at this stage.

Plaintiff is an inmate currently held in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). (Am. Compl. ¶ 2.) On or about July 12,

2015, when Plaintiff was housed at Green Haven Correctional Facility, Corrections Officer Sudranski ("Sudranski") sexually assaulted Plaintiff. (*Id*. ¶ 3.) Plaintiff attempted to file a report immediately but Sudranksi prevented Plaintiff from doing so. (*Id*.) Plaintiff eventually reported the assault to Corrections Officer Blackmon ("Blackmon"), who then reported the assault to Lieutenant Hann ("Hann"), who then told Blackmon to give the Plaintiff a sick slip and have him put the sick slip in for the very next day. (*Id*. ¶ 3.)  As a consequence of the trauma, Plaintiff avers that he suffers from "serious medical conditions [namely] extreme pain in his groin area, epididymal cysts caused by treatment . . . pelvic pain, testicle pain" and also states that he requires "medical boots with orthopedic inserts." (*Id*. ¶ 158.)

While in custody, Plaintiff received care from Doctors Gusman, Korobkova and Wolfe-Friedman. (*Id*. ¶ 5, 66, 122.) Throughout Plaintiff's course of care, Plaintiff filed complaints against Korobkova and Wolfe-Friedman. (*Id*. ¶ 128.) Specifically, Plaintiff complained that Korobkova was allegedly unprepared for Plaintiff's medical appointment (*Id*.), complained that Wolfe-Friedman did not allow Plaintiff to see any other clinician after Plaintiff refused care from Wolfe-Friedman, and complained that Wolfe-Friedman was aggressive and harassing when with the Plaintiff. (*Id*. ¶¶ 64, 70.) Plaintiff alleges that Korobkova retaliated against him because, after Plaintiff's complaint, she was "hostile and argumentative." (*Id*. ¶ 148.) Similarly, Plaintiff alleges that Wolfe-Friedman retaliated against him by "aggressively attempt[ing] to provoke the Plaintiff into nega[tively] responding" to Wolfe-Friedman. (*Id*. ¶ 70.)

Plaintiff generally asserts that, as a result of his complaints, he was "denied and delayed medical treatment, denied expert treatment, denied surgeries, denied proper medication to alleviate the excessive pain." (*Id*. ¶ 158.) Additionally, Plaintiff asserts that the Defendants "delay[ed] and

den[ied] Plaintiff proper and adequate treatment" and denied "treatment prescribed by experts." (*Id.*)

At the same time, Plaintiff acknowledges that from Korobkova, Gusman, and Wolfe-Friedman, he received a myriad medical interventions, including, but not limited to ultrasounds, blood lab work, specialist appointments, urology appointments, athletic support, painkillers, a colon-rectal examination, as well as numerous medical appointments across Korobkova, Gusman and Wolfe-Friedman's care. (*Id.* ¶¶ 5, 14, 19, 23, 28, 33, 34, 42, 66-68, 75, 109, 111, 117, 122, 128, 148, 154, 158.) Furthermore, Plaintiff, after being scheduled for medical visits, refused care from Wolfe-Friedman on several occasions. (*Id.* ¶ 64, 70, 71, 88, 110.)

Finally, Plaintiff's medical records are illegible, incomplete and missing specific information as to complaints Plaintiff made and the symptoms he experienced. (*Id.* ¶¶ 157-158.)

Based on the foregoing, Plaintiff brings Section 1983 claims alleging violations of the 1st Amendment, the 8th Amendment, and the 14th Amendment, as well as claims for failure to intervene, conspiracy to violate Plaintiff's constitutional rights, and fraud.

## PROCEDURAL HISTORY

On January 10, 2023, Plaintiff commenced this action against the Defendants in his Complaint (ECF No. 1). Then, on June 28, 2023, Plaintiff filed his First Amended Complaint (ECF No. 9). The First Amended Complaint is the operative complaint. On July 9, 2024, Wolfe-Friedman, Korobkova and Gusman filed their motion to dismiss and memorandum of law in support of their motion ("Motion" or "Mot.") (ECF Nos. 31 and 32). Plaintiff filed his memorandum of law in opposition to the Defendants' motion to dismiss on July 9, 2024 ("Opposition" or "Opp.") (ECF No. 34). Defendants filed their reply in support of their motion to dismiss on July 9, 2024 ("Reply") (ECF No. 33).

## LEGAL STANDARD

### A. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B. Section 1983

Section 1983 provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws shall be liable to the party injured." Section 1983 "is not itself

a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by

those parts of the United States Constitution and federal statutes that it describes." *Baker v.*

*McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Patterson v. County of Oneida*, 375 F.3d 206, 225

(2d Cir. 2004). To assert a claim under Section 1983, a plaintiff must allege "(1) the challenged

conduct was attributable to a person who was acting under color of state law and (2) the conduct

deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*,

No. 09-CV-5446(SHS), 2013 WL 1803896, at *2 (S.D.N.Y. April 25, 2013); *see Cornejo v. Bell*,

592 F.3d 121, 127 (2d Cir. 2010). Therefore, a Section 1983 claim has two essential elements: (1)

the defendant acted under color of state law, and (2) as a result of the defendant's actions, the

plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges.

See Annis v. County of Westchester, 136 F.3d 239, 245 (2d Cir. 1998); Quinn v. Nassau Cty. Police

Dep't, 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) (Section 1983 "furnishes a cause of action for the

violation of federal rights created by the Constitution.")

## C. *Pro Se* Pleading Standard

Where a litigant is *pro se*, the Court is empowered to consider "new facts raised in

opposition papers to the extent they are consistent with the complaint, treating the new factual

allegations as amending the original complaint." *Davila v. Lang*, 343 F. Supp. 3d 254, 267

(S.D.N.Y. 2018). A Court may consider "new claims appearing for the 1st time in the briefing 'if

the claims could have been asserted based on the facts alleged in the complaint." *Vlad-Berindan*

*v.MTA New York City Transit*, No. 14-cv-675, 2014 WL 6982929, at *5 (S.D.N.Y.2014) (citing

*Rosado v. Herard*, No. 12-cv-8943, 2013 WL 6170631, at *3 (S.D.N.Y. 2013). Courts are to read

a *pro se* litigant's papers "liberally" and "interpret them to raise the strongest argument that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 791 (2d Cir. 1994).

## DISCUSSION

Plaintiff brings claims pursuant to Section 1983, alleging 1st, 8th, and 14th Amendment violations, as well as fraud, conspiracy to violate Plaintiff's constitutional rights, and failure to intervene claims. The Court addresses them in turn.

### A. 1st Amendment Retaliation Claims

In order to state a 1st Amendment retaliation claim, a plaintiff "must advance non-conclusory allegations establishing: (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and adverse action." *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001). Courts "must approach prisoner claims of retaliation with skepticism and particular care . . . Given that [] adversity is an ever-present concomitant of prison life, the opportunities to characterize its manifestations as actionable retaliation are far greater than society at large." *Id*. at 491.

Plaintiff's claim against Gusman fails under the first prong of the analysis. The Complaint does not allege that Plaintiff took any protected activity against Gusman. Therefore, there can be no 1st Amendment retaliation claim against Gusman where there was no protected activity to be retaliated against, and thus Plaintiff's 1st Amendment retaliation claim against Gusman must fail.

Plaintiff's claim against Korobkova fails under the second prong of the analysis. Plaintiff avers that he filed a complaint against Korobkova on May 7, 2019, specifically because she was not prepared for Plaintiff's appointments (that she never had Plaintiff's medical charts during their appointments). (Am. Compl. ¶ 128.) Plaintiff asserts that Korobkova retaliated against him for

taking such action as she was "hostile and argumentative" when she treated Plaintiff again on November 18, 2019. (Am. Compl. ¶ 148.) Such a "retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection." *Dawes*, 239 F.3d 489 at 493. Indeed, "only retaliatory conduct that would deter a similarly situated individual of ordinary firmness constitutes an adverse action for a claim of retaliation." *Id*. General allegations that a medical doctor was not as polite as Plaintiff would have preferred is insufficient to bring such conduct within the scope of the 1st Amendment's protections. Therefore, Plaintiff's 1st Amendment retaliation claim against Korobkova must fail.

Finally, Plaintiff's claim against Wolfe-Friedman must also fail under the second prong of the analysis. Plaintiff first made a complaint against Wolfe-Friedman on June 5, 2017. (Am. Compl. ¶ 64.) Plaintiff complained because, after Plaintiff refused to see Wolfe-Friedman, Wolf-Friedman did not permit Plaintiff to see any other clinician. (*Id*.) Then, on July 26, 2017, Plaintiff was scheduled to see Wolfe-Friedman but refused care and again submitted a complaint against Wolfe-Friedman for harassment and aggressive behavior. (*Id*. ¶ 70.)

On one hand, allegations of rude behavior, without more, in the context of a prison is not sufficient to be adverse action necessary to invoke the 1st Amendment's protections. *Dawes*, 239 F.3d 489 at 493. On the other hand, Plaintiff's claims that as a result of his complaints, he was "denied and delayed medical treatment, denied expert treatment, denied surgeries, denied proper medication to alleviate the excessive pain" could constitute adverse action, as it is clear that an inmate would be deterred from filing complaints if it meant that they would no longer have access to the care they needed. (Am. Compl. ¶ 158.) However, the issue Plaintiff still faces is that the facts alleged in his Amended Complaint betray a different story – wherein he was not denied treatment on account of any protected activity. To the contrary, Plaintiff, after filing his initial

complaint, was scheduled to see Wolfe-Friedman on three occasions and declined treatment. (Am. Compl. ¶¶ 70-71, 110.) Plaintiff's refusal to receive treatment does not transform into evidence that Wolfe-Friedman retaliated against Plaintiff for filing complaints. Additionally, even after complaining about Wolfe-Friedman, Plaintiff continued to receive care from other clinical providers, without issue, further undermining any claim of retaliation by Wolfe-Friedman against Plaintiff. (*See, e.g., Id*. ¶¶ 85, 86, 91-100.) Accordingly, the Amended Complaint, as currently written, does not allege a plausible 1st Amendment retaliation claims against the Defendants and the Court therefore grants Defendants' motion to dismiss said claims against without prejudice.

### B.  8th Amendment Deliberate Indifference Claims

In order to state an 8th Amendment violation claim on account of deliberate indifference, a plaintiff must allege acts or omissions demonstrating deliberate indifference to a substantial risk of harm. *Veloz v. New York*, 339 F. Supp. 2d 505, 521 (S.D.N.Y. 2004), aff'd, 178 F. App'x 39 (2d Cir. 2006). This can be evidenced by a plaintiff alleging that officials purposefully denied or delayed treatment or interfered with treatment once prescribed. *Id*.  For a plaintiff to establish that a prison official violated the 8th Amendment "(1) the alleged deprivation must, as an objective matter, be 'sufficiently serious,' [i.e., the 'objective prong'] and (2) the alleged perpetrator— ordinarily a prison official—must possess a 'sufficiently culpable state of mind.' [i.e., the 'subjective prong.']." *Randle v. Alexander*, 960 F. Supp. 2d 457, 470 (S.D.N.Y. 2013) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

The "sufficiently serious" requirement is met where a plaintiff's health "present[s] a condition of urgency of the type that may produce death, degeneration or extreme pain which correspondingly merits constitutional protection." *Rivera v. Johnson*, 1996 WL 549336, at *2 (W.D.N.Y. Sept. 20, 1996).  There are several factors that the court may consider when deciding

whether a medical condition is "sufficiently serious," including "chronic and substantial pain or the presence of a medical condition that significantly affects an individual's daily activities." *Salgado v. DuBois*, 2019 WL 1409808, at \*5 (S.D.N.Y. Mar. 28, 2019). Serious physical pain over an extended period of time "may be sufficiently serious where medical care has been deprived." *Jahad v. Holder*, 2021 WL 3855445, at \*6 (S.D.N.Y. Aug. 26, 2021).

The "culpable state of mind is 'equivalent to criminal recklessness,' requiring 'that the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Perkins v. Schriro*, 2012 WL 5909892 (S.D.N.Y. Nov. 21, 2012) (quoting *Hemmings v. Gorczyk,* 134 F.3d 104, 108 (2d Cir.1998)).

Notably, "[a] a difference of opinion between a prisoner and prison officials regarding treatment does not, as a matter of law, constitute deliberate indifference." "[D]isagreements between a prisoner and prison officials over treatment decisions" do not give rise to an 8th Amendment violation. *Sonds v. St. Barnabas Hosp. Corr. Health Servs*., 151 F. Supp. 2d 303, 311-312 (S.D.N.Y. 2001); *see also Louis v. Morley,* 2024 WL 4573677, \*5 (S.D.N.Y. Oct. 24, 2024). The "8th Amendment is not implicated by prisoners' complaints over the adequacy of care they received when those claims amount to a disagreement over the appropriateness of a particular prescription plan." *Veloz v. New York*, 339 F. Supp. 2d 505 (S.D.N.Y. 2004), *aff'd*, 178 F. App'x 39 (2d Cir. 2006). "At most, such allegations may rise to the level of a medical malpractice claim, a type of action in which the 8th Amendment is not implicated." *Id*. at 525.

On one hand, Plaintiff's medical conditions – "extreme pain in groin area, epididimal cysts caused by trauma . . . pelvic pain (perineum), testicle pain, [the need for] medical boots with orthopedic inserts" constitute sufficiently serious conditions needed to invoke the 8th

Amendment's protections. *Rivera*, 1996 WL 549336 at *2. On the other hand, where Plaintiff's claims fall short is that he does not demonstrate that the Defendants contained the requisite "sufficiently culpable state of mind" *Randle*, 960 F. Supp. 2d 457; *see also Perkins*, 2012 WL 5909892.

Regarding Gusman, the Amended Complaint reflects that Gusman prescribed Plaintiff a comprehensive regiment of care. Gusman referred Plaintiff for an ultrasound, a urologist, prescribed medication (painkillers), conducted a colon-rectal examination, and ensured that Plaintiff was transported by a van instead via the "hub-bus" due to Plaintiff's complaints about the latter. (Am. Compl. ¶¶ 66-68, 75, 111.)  While Plaintiff may have disagreed with certain medical treatment decisions made by Gusman, such disagreement, as acknowledged *supra*, is not sufficient to state an 8th Amendment deliberate indifference claim against Gusman. *See generally Sonds*, 151 F. Supp. 2d 303. For this same reason, to the extent Plaintiff complains that Gusman, or any of the Defendants, administered care that deviated from the recommendations of other doctors (*see Id*. ¶ 158), such differences would only be tantamount to disagreements in medical care provided, which cannot serve as the basis of an 8th Amendment violation claim.

Regarding Korobkova, Plaintiff's sole substantive allegation of deliberate indifference is that Korobkova, when seeing Plaintiff, asked Plaintiff what the purpose of his medical visit was. (*Id*. ¶¶ 122, 128.) Assuming *arguendo* that Korobkova asked such questions not to offer medical treatment but rather because she was unprepared for the visit, such a lack of preparation would, at most, be akin to medical malpractice which, as discussed *supra* is not sufficient to bring Korobkova's conduct within the ambit of the 8th Amendment's protection. *See Veloz v. New York*, 339 F. Supp. 2d 505 at 525.

Lastly, as to Wolfe-Friedman she, like Gusman, prescribed Plaintiff a plethora of medical interventions, namely scheduling Plaintiff with a specialist, scheduling Plaintiff with a urologist, and giving Plaintiff "proper fitting athletic support." (*Id*. ¶¶ 14, 23, 42.)  Friedman administered care to Plaintiff voluminously. (*See, e.g., Id*. ¶¶ 5, 14, 19, 23, 28, 33, 34, 42.) Additionally, Plaintiff refused treatment from Wolfe-Friedman on numerous occasions. (*Id*. ¶ 64, 70, 71, 88, 110.) Contrary to evidencing a culpable state of mind, such a history demonstrates that Wolfe-Friedman was attentive to Plaintiff's medical care and that, if anything, any interruption or delay in care is not attributable to a culpable state of mind on the part of Wolfe-Friedman, but rather due to the Plaintiff's disagreements with Wolfe-Friedman and refusal to be treated on numerous occasions. *See Darby v. Greenman*, 14 F.4th 124, 129 (2d Cir. 2021).

Therefore, because the Amended Complaint, as currently written, does not state plausible 8th Amendment claims against Gusman, Korobkova, and Wolfe-Friedman, the Court must dismisses said claims without prejudice.

### C.  Failure to Intervene Claims

Because Plaintiff's 8th Amendment deliberate indifference claims must fail, Plaintiff's failure to intervene claim predicated Plaintiff's 8th Amendment's violations surrounding medical care must also fail. There can be no failure to intervene when there was no underlying constitutional violation to be prevented. *See Jessica Huber v. County of Erie*, 2021 WL 3635207, *12 (W.D.N.Y. Aug. 17, 2021). Accordingly, because the Complaint does not plausibly allege failure to intervene claims against the Defendants, Defendants' motion to dismiss said claims is granted without prejudice.

### D.  14th Amendment Equal Protection Claim

To state a class-of-one claim under the 14th Amendment, a plaintiff must demonstrate that he "'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Analytical Diagnostic Labs, Inc. v. Kusel*, 626 F.3d 135, 140 (2d Cir. 2010). To successfully state this claim, a plaintiff must establish "(i) that no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarly in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake." *Id*.

Plaintiff alleges that he "in comparison with others similarly situated, was selectively mistreated because of Plaintiff expressing his verbal complaints and filing grievances." (Am. Compl. ¶ 158.) Plaintiff further states that "[u]pon information and belief, other incarcerated individuals treated by these defendants are provided better care as they are not delayed or denied the proper medical care under the normal professional standards of care." (*Id*.)

Courts have repeatedly stressed that "[a] litigant cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory." *Citizens United v. Schneiderman*, 882 F.3d 374, 384-385 (2d Cir. 2018) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)). In the instant action, Plaintiff only offers the Court his conclusory belief that "similarly situated" individuals were treated disparately; notably absent from the Amended Complaint is even a single example of a similarly situated inmates being subject to disparate, favorable treatment in contrast to the Plaintiff's alleged experiences. While the Court is to interpret *pro se* pleadings to raise the strongest argument possible, it is not to invent factual allegations that were not offered. Accordingly, because the Amended Complaint, as currently

written, does not plausibly state 14th Amendment equal protection claims against the Defendants, such claims must be dismissed without prejudice.

### E. Fraud Claims

In order to plead a fraud claim, the "circumstances constituting fraud . . . [must] be stated with particularity." Fed.R.Civ.P. 9(b). Furthermore, "the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993).

Plaintiff's allegations of fraud do not evolve beyond general claims of inaccuracies or "misinformation." (*See* Am. Compl. ¶¶ 52, 130, 158.) While aspects of fraud claims, such as mental states "may be pleaded 'generally,' the relaxed pleading standard is not a 'license to base claims of fraud on speculation and conclusory allegations.'" *In re Aramid Ent. Fund Ltd.*, 664, 63 B.R. 9 (Bankr. S.D.N.Y. 2024) (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 170 (2d Cir. 2015)). Indeed, a plaintiff, on a motion to dismiss, must "satisfy the heightened pleading standard in Rule 9(b)." *Id.* at 63.

Because the Plaintiff leaves the Court only with general allegations of inaccuracy and speculation as to the causes of the alleged inaccurate statements, Plaintiff has failed to meet his burden to plead his fraud claims with particularity. Therefore, the Court finds, as currently written, the Amended Complaint does not state plausible fraud claims against the Defendants and dismisses the claims without prejudice.

### F. Conspiracy Claims

"To establish a claim for a [Section] 1983 conspiracy, Plaintiffs must demonstrate: '(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing

damages.'" *Phillips v. Cty. of Orange*, 894 F. Supp. 2d 345, 381 (S.D.N.Y. 2012) (quoting *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324-325 (2d Cir. 2002)). "A violated constitutional right is a natural prerequisite to a claim of conspiracy to violate such right." *Romer v. Morgenthau*, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000). Therefore, "if a plaintiff cannot sufficiently allege a violation of his rights, it follows that he cannot sustain a claim of conspiracy to violate those rights." *Id*.

Because the Court has concluded that the Amended Complaint, as currently written, does not plausibly allege a violation of Plaintiff's constitutional rights, the Court must conclude that the Amended Complaint likewise does not plausibly allege against the Defendants claims of conspiracy to violate his constitutional rights. Therefore, Plaintiff's conspiracy claims are dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants Janice Wolfe-Friedman, Mikail Gusman, and Yelena Korobkova's motion to dismiss *pro se* Plaintiff's Amended Complaint in its entirety, specifically dismissing *pro se* Plaintiff's 1st Amendment, 8th Amendment, 14th Amendment, fraud, failure to intervene, and conspiracy claims, without prejudice.

*Pro se* Plaintiff is granted leave to file a Second Amended Complaint (blank form attached hereto) by February 24, 2025. *Pro se* Plaintiff is advised that the Second Amended Complaint will replace, not supplement, the First Amended Complaint, and so any claims that he wishes to pursue must be included in, or attached to, the Second Amended Complaint. Should *pro se* Plaintiff file a Second Amended Complaint, the Defendants are directed to answer or otherwise respond by March 25, 2025, and the parties are directed to complete and file a Case Management Plan and Scheduling Order (blank form attached) by April 25, 2025. If *pro se* Plaintiff fails to file a Second

Amended Complaint within the time allowed, those claims that were dismissed without prejudice shall be deemed dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the motions at ECF No. 31 and to mail a copy of this Order to the *pro se* Plaintiff at the address listed on ECF and to show service on the docket.

Dated:    January 6, 2025                                  SO ORDERED:
          White Plains, New York

                                                _____
                                                    NELSON S. ROMÁN
                                                United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                      State              Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were
harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach
additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |


Date on which I am delivering this complaint to prison authorities for mailing: _____

UNITED STATES DISTRICT COURT                               Rev. Jan. 2012

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x


                                        **CIVIL CASE DISCOVERY PLAN**

                        Plaintiff(s),   **AND SCHEDULING ORDER**

        - against -



                        Defendant(s).    _____ CV _____ (NSR)


-------------------------------------------------------------x


  This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel,
pursuant to Fed. R. Civ. P. 16 and 26(f):


  1.      All parties [consent] [do not consent] to conducting all further proceedings before a
          Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).  The
          parties are free to withhold consent without adverse substantive consequences.  (If all
          parties consent, the remaining paragraphs of this form need not be completed.)


  2.      This case [is] [is not] to be tried to a jury.


  3.      Joinder of additional parties must be accomplished by _____.


  4.      Amended pleadings may be filed until _____.

5.      Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter.  The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6.      First request for production of documents, if any, shall be served no later than _____.

7.      Non-expert depositions shall be completed by _____.

     a.    Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

     b.    Depositions shall proceed concurrently.

     c.    Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

8.      Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9.      Requests to Admit, if any, shall be served no later than _____.

10.    Expert reports shall be served no later than _____.

11.    Rebuttal expert reports shall be served no later than _____.

12.    Expert depositions shall be completed by _____.

13.    Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14.    **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15.     Any motions shall be filed in accordance with the Court's Individual Practices.


16.     This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).


17.     The Magistrate Judge assigned to this case is the Hon. _____.


18.     If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.


19.     The next case management conference is scheduled for _____, at _____.  (The Court will set this date at the initial conference.)




SO ORDERED.


Dated:  White Plains, New York

        _____


                                        _____

                                        Nelson S. Román, U.S. District Judge