USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/14/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KOURIOCKEIN VANN,

                Plaintiff,

-against-

WOLFE-FRIEDMAN, et al,

                Defendants.

23-CV-236 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Kouriockein Vann ("Plaintiff") moves pursuant to Federal Rule of Civil Procedure 60(b) for reconsideration of this Court's July 2, 2025 Order and Judgment dismissing the case with prejudice for failure to prosecute and failure to file a Second Amended Complaint in compliance with the Court's prior orders. (ECF Nos. 45–46, Order & Judgment.) For the reasons set forth below, Plaintiff's motion is DENIED with prejudice.

## BACKGROUND

Plaintiff is an incarcerated individual in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Proceeding *pro se*, Plaintiff initiated this action on January 10, 2023, alleging violations of his constitutional rights under 42 U.S.C. § 1983. (ECF No. 2) and filed an amended complaint on June 28, 2023 (ECF No. 9, First Amended Complaint ("FAC")). He asserted claims against DOCCS medical staff in both their individual and professional capacities—including Drs. Janice Wolfe-Friedman, Yelena Korobkova, and Mikail Gusman— claiming they were deliberately indifferent to his medical needs and retaliated against him for complaining about inadequate medical care. (*See generally* FAC)

By Opinion and Order dated January 6, 2025, this Court granted Defendants motion to dismiss Plaintiff's Amended Complaint in its entirety, specifically dismissing Plaintiff's 1st Amendment, 8th Amendment, 14th Amendment, fraud, failure to intervene, and conspiracy claims, without prejudice. (*See* ECF No. 39, January Opinion.) Plaintiff was granted leave to file a Second Amended Complaint

("SAC") by February 24, 2025. (*Id.*) Instead of filing the amended pleading, Plaintiff submitted two letters requesting additional time—citing a facility strike and restricted law-library access—and seeking appointment of counsel. (ECF Nos. 40–41, Plaintiff ("Pltf.") February ("Feb.") & March ("Mar.") Letters.) The Court granted an extension to June 2, 2025, stating that if Plaintiff failed to file a SAC by the extension date, "those claims that were dismissed without prejudice shall be dismissed with prejudice." (ECF No. 43.)

Despite receiving the Court's order, Plaintiff failed to file a Second Amended Complaint or seek a further extension. On June 17, 2025, Defendants moved to dismiss for failure to prosecute. (ECF No. 44, Opposition ("Opp.")) On July 2, 2025, the Court granted that motion and entered an Order and Judgment dismissing the action with prejudice. (ECF Nos. 45–46, July Opinion.) Plaintiff filed the instant Rule 60(b) motion on August 2, 2025, reiterating that his ability to litigate was hindered by alleged restrictions on his access to the facility's law library and by the lack of appointed counsel. (ECF No. 49, Motion ("Mot.")).

## LEGAL STANDARD

Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). "The standard for granting a motion for reconsideration pursuant to Local Rule 6.3 is strict." *Targum v. Citrin Cooperman & Company, LLP*, No. 12-cv-6909 (SAS), 2013 WL 6188339, at * 1 (S.D.N.Y. Nov. 25, 2013). Motions for reconsideration are "addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). A motion to reconsider "is not a vehicle for ... presenting the case under new theories ... or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation and citation omitted); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, No. 97-cv-690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)) (Mukasey, J.) (in moving for reconsideration, "'a party may not advance

new facts, issues, or arguments not previously presented to the Court.'"). They "'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration of a Court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, Nos. 05-cv-3430, 05-cv-4759, & 05-cv-4760, 2006 WL 1423785, at *1 (2d Cir. 2006).

## DISCUSSION

Plaintiff's motion for reconsideration must be denied because it is untimely and, in any event, fails to establish any extraordinary circumstances warranting relief.

### A. Untimeliness

Plaintiff's motion is untimely. The Court entered its Order of Dismissal and Clerk's Judgment on July 2, 2025. (*See generally* Order & Judgment). Under Local Civil Rule 6.3, any motion for reconsideration was required to be filed within fourteen days—by July 16, 2025. Plaintiff did not file the instant motion until August 2, 2025, more than two weeks after the deadline. Accordingly, the motion is time-barred. *See Hines v. BMG Rts. Mgmt. (US) LLC*, 711 F. Supp. 3d 200, 204 (S.D.N.Y. 2024) (denying untimely Rule 60(b) motion filed beyond Local Rule 6.3 deadline).

### B. No Extraordinary Circumstances

Even if the motion were timely, Plaintiff has not shown the "extraordinary circumstances" necessary for relief under Rule 60(b)(6). Rule 60(b)(6) requires both that a motion be brought within a reasonable time and that circumstances exist so exceptional that "principles of equity mandate relief." *Sinkler v. Berryhill,* 305 F. Supp. 3d 448, 456 (W.D.N.Y. 2018), *aff'd,* 932 F.3d 83 (2d Cir. 2019) (quoting *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007)); *see also Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (denying motion where movant failed

to demonstrate extraordinary hardship). Here, Plaintiff had ample opportunity to comply with the Court's directives. He was granted an extension totaling 113 days to file his Second Amended Complaint, yet he failed to file the requisite pleading or request additional time before the deadline. (Opp. at 3.) Courts in this District routinely dismiss cases after similar or shorter periods of inactivity. *See Lewis v. Hellerstein*, No. 14-CV-07886 BMC SN, 2015 WL 4620120, at *4 (S.D.N.Y. July 29, 2015) (dismissing pro se complaint after four months of inactivity); *Yadav v. Brookhaven Nat'l Lab.*, 487 F. App'x 671, 673 (2d Cir. 2012) (affirming dismissal after three months of inaction). Accordingly, Plaintiff's motion—filed well after the Court's deadline and unsupported by any showing of extraordinary hardship (further discussed below)—provides no basis for reconsideration.

      i.    **Lack of Library Access**

Plaintiff's principal contention—that a DOCCS strike deprived him of access to the law library—does not alter this conclusion. (Mot. ¶ 3.) The argument is contradicted by documentary evidence submitted by Defendants. DOCCS callout records show that Plaintiff attended the law library on February 19, 2025, and that other incarcerated individuals used the library throughout the same period he claims it was inaccessible. (Gov't Opp, Ex. A.) Moreover, Plaintiff was able to mail two letters to the Court during the alleged lockdown requesting extensions, which undermines his assertion that he lacked the ability to communicate with the Court. (Pltf. Feb. & Mar. Letters.) Courts are not required to accept allegations contradicted by objective evidence. *See KatiRoll Co. v. Kati Junction, Inc.*, 33 F. Supp. 3d 359, 365 (S.D.N.Y. 2014) (finding "allegations in the complaint that are 'contradicted by more specific allegations or documentary evidence' are not entitled to a presumption of truthfulness.")

      ii.    **Lack of Counsel & Legal Assistance**

Plaintiff further argues that reconsideration is warranted because, after the Court granted his extension, he was unable to reach the legal-assistance agency using the phone number provided and, as a hearing-impaired individual, he sought counsel under the Americans with Disabilities Act

4

("ADA"). (Mot. ¶ 4.) Even liberally construed, this argument fails to supply a basis for Rule 60(b) relief. The Court's July 2, 2025 dismissal was grounded in Plaintiff's failure to prosecute and comply with court-ordered deadlines—neither of which implicates the ADA. The ADA prohibits discrimination "by reason of" disability, not the neutral enforcement of procedural rules applicable to all litigants. *See McElwee v. County of Orange*, 700 F.3d 635, 640 (2d Cir. 2012) (holding that the ADA does not provide relief where the alleged injury results from failure to meet essential eligibility requirements rather than disability discrimination). Plaintiff's alleged hearing impairment does not excuse his noncompliance with filing deadlines—particularly where the record reflects his ability to correspond with the Court in writing, access the law library, and submit multiple procedural requests. (*See generally* Pltf. Feb. & Mar. Letters & Mot.) Nor is there any indication that Plaintiff misunderstood the Court's directive to timely file an amended pleading. By Order dated March 6, 2023, the Court directed Plaintiff to file an amended pleading, and Plaintiff ultimately did so after requesting an extension. (*See* ECF Nos. 6–9.) While the Court is sympathetic to Plaintiff's hearing limitations, such circumstances do not establish an extraordinary condition warranting Rule 60(b) relief.

Moreover, civil litigants have no constitutional right to counsel. *Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 68–69 (2d Cir. 2011) ("A party has no constitutionally guaranteed right to the assistance of counsel in a civil case."); *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173–74 (2d Cir. 1989) (warning against "routine appointment of counsel"). Plaintiff's ability to draft letters, seek extensions, and file the present Rule 60(b) motion—which requires procedural sophistication—confirms that he was capable of proceeding *pro se* and that the absence of appointed counsel did not prevent him from complying with the Court's orders.

      **iii.    Mail Delay**

Finally, Plaintiff asserts that he did not receive the Court's May 13, 2025 extension order until May 27 due to mail delays, leaving insufficient time to comply by June 2. (Mot. ¶ 5.) Even accepting

5

this allegation, Plaintiff still had several days to seek another extension —as he had done before—yet he took no action until after Defendants moved to dismiss. Such delay does not constitute "excusable neglect" or "extraordinary circumstances" under Rule 60(b). *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (denying reconsideration where plaintiff had ample opportunity to amend but failed to act).

## CONCLUSION

For the foregoing reasons, *pro se* Plaintiff Kouriockein Vann's motion for reconsideration of this Court's July opinion is DENIED.  The Court respectfully directs the Clerk to terminate the motion at ECF No. 49 and mail a copy of this Order to Plaintiff at his address as listed on ECF.

Dated:   November 14, 2025
         White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

6